A. L. HOOVER & SON v. COLUMBIA NATIONAL BANK.

FILED APRIL 6, 1899. No. 8834.

Assignee of Account: CONTRACT. An assignee of an account is bound by the contract entered into or ratified by his assignor, and an instruction which lays down a different rule is erroneous.

ERROR from the district court of Lancaster county. Tried below before CORNISH, J. *Reversed.*

*Gilkeson & Reese* and *W. B. Comstock*, for plaintiffs in error.

*E. E. Brown, William Leese,* and *Roscoe Pound, contra.*

NORVAL, J.

This action was brought by the Columbia National Bank to recover $841.98 as an alleged balance due on an account in favor of the Interior Decorative Company and against the defendants A. L. Hoover & Son, which account had been assigned to plaintiff. From a judgment in favor of the bank in the sum of $570.39 the defendants have prosecuted an error proceeding.

Evidence was adduced in the court below tending to show that the defendants are the owners and proprietors of the Lindell Hotel in the city of Lincoln and the goods charged in the account were furnished by the Interior Decorative Company under a written contract whereby payment of the same was to be made in board and lodging furnished Dr. Appleget, manager of said company, and his wife and daughter; that the board and lodging were furnished as agreed, and the same charged against the items in the account; that subsequently another contract was entered into between the defendants and the Interior Decorative Company whereby the latter agreed to place a tile floor in the dining room of the hotel for the stipulated sum of $1,229, and the terms of the agreement required a first-class job in all respects; that payment was to be made by the cancellation of a note against said Appleget for the sum of $100 held by defendants, a lot in Arlington Heights Addition to Lincoln of the value of $300, and the balance to be paid in board and lodging to be furnished Dr. Appleget, wife, and daughter at the stipulated rate of $100 per month; that in pursuance of

said contract the Interior Decorative Company laid the tiling, but the material used was of an inferior quality, and the manner of performing the work was so unskillful that the job did not comply with the stipulations of the contract and was almost wholly worthless. It is conceded by plaintiff that the tile floor was defective, but it contends that it was the fault of defendants in failing to provide a sufficient and proper foundation, and that the provision in the contract relating to the board and lodging for the manager of the Interior Decorative Company and his family was never submitted to, or acted upon by, the directors of the company, and that they had no knowledge of the existence of such provision in the contract, and that Appleget had no authority to insert the same. On the other hand, the defendant insisted that the Interior Decorative Company ratified the contract relating to the tile floor. Upon the question of ratification the trial court gave the following instructions, which are assigned for error:

"1. This action is brought on book account, and the bringing of this action will not itself alone constitute a ratification of the contract. To constitute a ratification of the contract the jury must find the plaintiff, after knowledge of the alleged contract, undertook to take advantage of some facts alleged in the contract which it could not have had had it not been for the contract, and could only be obtained by undertaking to enforce the contract or some part of it, and can only happen in case the plaintiff has undertaken to enforce the contract or some part of it required by its terms to be performed by the defendants. You will therefore consider whether the plaintiff in this action has undertaken to enforce the contract, or some part of it as aforesaid, which is contained in the proposition of the Interior Decorative Company, and the alleged acceptance by the defendants, and if it has not, there is no ratification."

"8. If under the evidence you find that the contract alleged by the defendants was in fact made, and if you

further find that the plaintiff has not ratified the same, then the plaintiff would be entitled to recover, in such case, from the defendants the actual value of the goods, merchandise, and work furnished by the Interior Decorative Company to the defendants at the time and place when furnished, less any amount which may have been paid thereon, but in such case a payment made in board or in such note for $100 would not be a good payment nor proper to be credited upon the amount due plaintiff, unless you should further find from the evidence that such payment, even though made in board to manager, finally went to the corporation so that it received the benefit of it."

These instructions were erroneous, and highly prejudicial to the rights of the defendants. There was no evidence upon which to base them. It was not claimed that the plaintiff—the bank, the assignee of the account—had by any acts of it ratified the contract set up by the defendants. The contention of the latter was that the Interior Decorative Company had by its conduct recognized the validity of the contract and ratified the provisions thereof. These instructions wholly ignored the question of ratification by the plaintiff's assignor, and told the jury that plaintiff was entitled to recover if there had been no ratification of the contract by the bank, notwithstanding there was evidence tending to show that Dr. Appleget had authority to make the contract on behalf of his company, or at least plaintiff's assignee had ratified the same. It is said there is no evidence of ratification. Credit was given the defendants on the books of the company for board of Dr. Appleget and family and he was charged with the same. This constituted the ratification to that extent at least. An assignee of an account is bound by a contract entered into, or ratified by his assignor. For the errors indicated the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.